enumerated and non-enumerated character together; and the surprise which such a practice may many times produce to the party making the case. We think the practice should be uniform in these motions which relate to the calendar; and that where a copy of the case is not served according to the practice of this court, the application to deny the motion sought by the case, or for such rule as the party is entitled to by the neglect, shall come on upon a regular notice, as for a non-enumerated motion.

Rule accordingly.

---

Ex parte DREW.

*Where the defendant in a justice's court, pleads title to an action of trespass quare clausam fregit, he is bound to abide by his plea, on the same action being brought in the C. P. tho' the action in the C. P. be not commenced at or before the term of the C. P. next after the plea is interposed in the justice's court.*

MYERS sued *Drew* in a justice's court, for trespass *quare clausum fregit,* alleged to have been committed in *Renssalear county.* *Drew* justified by a plea of title, on the 4th of *June,* 1825, and entered into a recognizance, such as is required by the 9th section of the 50 dollar act, (*sess.* 47, *p.* 283.) In *May,* 1826, a *capias ad respondendum* was served on *Drew,* at the suit of *Myers,* issued out of the *Rensselaer* C. P. two terms of that court having intervened between the time of pleading, &c. before the justice, and the issuing of the *capias.* *Myers* declared for the same trespass as the one in question before the justice; *Drew* put in special bail, and pleaded the general issue, which the C. P. on motion, ordered to be stricken out, with costs.

*J. Van Vleck,* for *Drew,* now moved for a mandamus, commanding the C. P. to vacate the rule to strike out, &c. and receive the plea. He said the only question was, whether the plaintiff could hold the defendant to his plea of title, in an action not brought till after the term next following the interposition of the plea in the justice's court: and contended that he could not. He said the C. P. held, that by not commencing his action by the next term of the C. P. the plaintiff merely lost his right to compel the de-

fendant to put in special bail, or forfeit his recognizance; but that he was, notwithstanding, compelled to put in his plea of title.

*The Court* held that the C. P. had decided correctly; and denied the motion.

Motion denied.

---

BROMAGHAM *against* CLAPP and OTHERS.

IN PARTITION. The defendants brought a writ of error from this court, but did not put in bail. There was also a defect in the writ of error; but the court for the correction of errors allowed it to be amended, and retained the cause. Before the amendment was allowed, the plaintiff issued two writs of *fi. fa.* one against *Clapp*, and one against *owners unknown*, for different portions of the costs in partition.

A writ of error from a judgment in partition, does not stay execution, *per se*; but bail in error is necessary.

*Jas. Edwards*, (*S. A. Foot*, same side,) now moved to set aside the executions as irregular.

*J. V. N. Yates*, contra.

*Curia.* By the statute, (1 *R. L.* 512, *s.* 12,) "error may be brought within the same time, and under the like *restrictions* and *regulations*, as in other cases." This undoubtedly refers to the *restrictions* and *regulations* in the previous act "concerning writs of error," &c. (1 *R. L.* 143.). Independent of that act, there is no restriction on the subject. The writ is one of right, and issues of course, in all actions, real, personal and mixed. That act requires two things on bringing error from this court; the certificate of counsel, and bail. The former is not necessary on error from the common pleas to this court; and had this writ been from a judgment in partition, rendered in the common pleas, there would be nothing, (not even the certificate,) to satisfy the words quoted from the stat-